## Moses v. Ferrel and Indemnity Company of America, Appellant.

Argued December 14, 1928.

Be-fore Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Clarence J. Buckman,* for appellant.—Where answers to interrogatories in an attachment execution deny indebtedness or obligation to defendant, judgment may not be entered thereon for plaintiff: Bou-

slough v. Bouslough, 68 Pa. 495; Myers v. Baltzell, 37 Pa. 491; Dunn v. Brown et al., 89 Pa. Superior Ct. 370.

Plaintiff himself has failed to perform the conditions upon which his right to have recourse against appellant depends and this bars recovery by him: Hertzog v. Hertzog, 29 Pa. 465; Cherry v. Peoples Trust Co., 282 Pa. 52; Adams v. Railway Co., 64 W. Va. 181; Allegheny City v. Railway, 159 Pa. 411.

*Frank J. Eustace, Jr.,* and with him *Wilson and Mc-Adams,* for appellee.—The policy is one of liability as against indemnity and liability arises when judgment against insured is entered: Fenton v. Poston and Mutual Union Insurance Co., 144 Wash. 217; Schambs v. Fidelity Casualty Co., 259 Fed. 55; Maryland Casualty Co. v. Peppard, 53 Okla. 515; Goldman v. Mitchell Fletcher Co., 292 Pa. 354; Hillman Trans. Co. v. Home Ins. Co., 268 Pa. 547; Krebs v. Phila. Life Insurance Co., 249 Pa. 330.

Failure of insured to aid in the trial was not a defense: Trethaway Brothers v. Israel, 29 D. R. 1012; Conroy v. Commercial Insurance Co., 292 Pa. 219; Hartigan v. Casualty Co. of America, 97 Misc. 464, 161 N. Y. S. 145.

Opinion by Cunningham, J., July 2, 1929:

This is an appeal by an insurance company from a judgment entered against it on its answers to interrogatories directed to it as garnishee in an attachment sur judgment proceeding. The facts giving rise to the controversy are as follows: In 1925 appellant issued to one, W. L. Ferrel, a policy indemnifying him ''against loss occasioned by the ownership or operation'' of his automobile. The policy contained, inter alia, the following provisions: ''The company will indemnify the assured against loss resulting from

claims or suits arising from bodily injuries or death .. .. .. will defend all suits against assured in his name and on his behalf .. .. .. [and] if suit is brought against the assured to enforce a claim covered, he shall immediately forward to the company every summons or other process as soon as the same has been served on him. The assured shall aid in any litigation or settlement of claims or suits but shall not assume any liability except to provide at the company's expense such immediate surgical relief as is imperative at the time of the accident.''

On November 15, 1925, Peter J. Moses, appellee herein, was struck and injured by Ferrel's automobile, and in an action of trespass recovered damages against Ferrel in an amount less than the indemnity specified in the policy. Ferrel was not present in person at the trial; appellant avers that he refused to come to Philadelphia to appear as a witness or to aid it in procuring witnesses, and refused to assist in any way in the defense of the suit. Appellant's counsel, pursuant to the provisions of the policy, appeared for it at the trial, cross-examined witnesses and argued the case to the court and jury.

After the entry of judgment against Ferrel, and without attempting to collect the same from him, appellee issued an attachment execution, naming appellant as garnishee, and served interrogatories upon it. In its answers appellant admitted that the policy was in force and that it had defended the suit, but averred that it was not liable under the terms of the contract because Ferrel had not actually paid the judgment. It further denied liability upon the ground that Ferrel's failure to come to the trial or to assist in the defense of the suit constituted a breach of the contract. The court below, deeming these answers insufficient, held, in an opinion by its learned President Judge FIN-LETTER, that appellant has in its hands moneys of

Ferrel in the amount of the verdict and costs which are subject to appellee's attachment.

Two questions are presented for our determination: (1) Is the insurer liable on the policy immediately upon the entry of judgment, or not until the judgment has been paid? (2) Did the conduct of the insured in failing to assist in the defense excuse appellant from liability under the policy?

The answer to the first question depends upon the language of the policy and the course of action adopted by appellant when it received notice of the suit against its insured. Where, as in Pfeiler v. Penn Allen Co., 240 Pa. 468, cited by appellant, the contract is to pay for "loss or expense actually sustained and paid in money by [insured] after actual trial of the issue," the general rule is that the plain terms of the policy must be complied with before liability arises. Even in such a case it has been held that, if the insurance company actually comes in and defends the suit, it becomes liable upon the entry of judgment against the insured: Patterson v. Adan, 119 Minn. 308, 138 N. W. 281. But where, as in the case now before us, the contract is to indemnify the insured against loss from legal liability and contains provisions to the effect that the company will defend, in the name of the insured, all suits growing out of accidents within the contemplation of the policy, and that the insured shall not assume any liability except for surgical relief, the weight of authority is to the effect that the policy is one of indemnity against liability and is not a mere contract of indemnity against damages. Any doubt as to the rule governing such cases in Pennsylvania, particularly where the company appears and defends, has been removed by the very recent case of Malley v. American Indemnity Corp., 297 Pa. 216. There the authorities are collected and reviewed; any further discussion of the principles therein stated would serve

no useful purpose. We therefore hold that appellant became liable upon its policy as soon as judgment was entered against Ferrel and that appellee could attach the proceeds of the policy to the extent of the judgment in this case.

The second question must also be decided adversely to appellant. The court below properly calls attention to the fact that there is nothing in the policy requiring the insured to attend the trial or to search for witnesses and that there is no averment that Ferrel's testimony would have been of any benefit to appellant if he had appeared. But, even if it be assumed that the failure of the insured to assist in the trial of the action, based upon the alleged negligent operation of his automobile, amounted to a breach of his undertaking under the terms of the policy, such breach was not available to appellant as a defense in this proceeding. With full knowledge of the fact that the insured was not in attendance at the trial and, in so far as this record discloses, without having made any effort to subpoena him if he was within the jurisdiction, or to take his deposition if beyond it, appellant undertook the defense. Under the authority of Malley v. American Indemnity Corp., supra, and the cases there cited, it is now estopped from setting up the alleged breach by the insured.

Appellant's further contention that it was incorrect to enter judgment against it on the interrogatories and answers does not merit extended discussion. While it is true that the company made a general denial of liability, there was no issue to go to a jury. The question of liability, under the undisputed facts, was purely one of law. On the facts as admitted the court below found that the attempted negation of liability was insufficient and what we have said above confirms its conclusion.

The judgment is affirmed.