## Johnson v. Hermann et al.

*Bryan A. Hermes,* for plaintiff; *William W. Smithers,* for defendants.

MARTIN, P. J., Dec. 10, 1929.—Plaintiff obtained a judgment in an action of trespass against Andrew Hermann, Jr., the defendant, for damages caused by a collision between automobiles.

Andrew Hermann, Sr., the father of the defendant, held a policy of indemnity issued by the Continental Casualty Company, indemnifying him as the proprietor of a public garage.

Plaintiff issued an attachment execution against the Continental Casualty Company. Interrogatories were filed by plaintiff, and the garnishee filed answers.

The garnishee was asked: "Did you, on Oct. 15, 1926, have outstanding any policy of insurance or indemnity issued to Andrew Hermann, Jr., or to Andrew Hermann, insuring or indemnifying Andrew Hermann, Jr., or Andrew Hermann, against loss by reason of any injury inflicted upon any person by any automobile or automobiles owned by the said Andrew Hermann, Jr., or Andrew Hermann. If your answer be yea, attach thereto a copy of all such policies as were outstanding or in effect on Oct. 15, 1926, and state whether or not said policy is still outstanding and what is its present status, and what happenings brought about its present status." To this interrogatory the garnishee replied, "No." A further interrogatory inquired: "Was any claim or demand made by Andrew Hermann, Jr., or Andrew Hermann, requesting or requiring your company to represent the said Andrew Hermann, Jr., or Andrew Hermann, in conjunction with a claim made by one Francis H. Johnson, which grew out of an automobile accident on Oct. 15, 1926? If your answer be yea,

explain when and how such claim for insurance protection or indemnity was made upon you and by whom, and what answer was made thereto." The garnishee replied: "That it received a telephone message from a broker, who informed it that said accident mentioned in said interrogatories had occurred while the defendant, Andrew Hermann, Jr., was driving the said automobile, which was the property of Andrew Hermann, Sr., and requesting that the said Andrew Hermann, Jr., be aided by the company, garnishee." To this request, said agent or broker was informed that the Continental Casualty Company, garnishee, had not issued any policy of insurance or other indemnity covering said accident. At the request of the said agent or broker that aid be given to the said defendant, the said company informed the said broker that, inasmuch as it had issued a policy of insurance to the father of the said defendant, Andrew Hermann, Sr., covering his garage business, it would, as a matter of business policy and courtesy to the policy-holder, permit its counsel, William W. Smithers, to grant courtesy defense to the said Andrew Hermann, Jr., and as the matter was then in suit, to wit, Francis R. Johnson v. Andrew Hermann, Jr., C. P. No. 5, December Term, 1926, No. 1061, that it could not defend the case until the said Andrew Hermann, Jr., and Andrew Hermann, Sr., had executed a non-waiver of liability agreement, understanding and acknowledging that the said accident was not covered by the said policy issued to Andrew Hermann, Sr. Copy of said non-waiver of liability agreement was thereto attached as Exhibit "A." The attorney, W. W. Smithers, attended the trial and defended the case on behalf of Andrew Hermann, Jr. A verdict was rendered in favor of plaintiff, upon which judgment was entered.

A copy of the policy of indemnity issued by the garnishee to Andrew Hermann was filed of record. By the terms of the policy the Continental Casualty Company agreed to indemnify Andrew Hermann against loss from the liability imposed by law upon the insured for damages on account of bodily injuries, including death, resulting therefrom, accidentally suffered or alleged to have been suffered within the policy period by any person or persons not employed by the assured; (1) by reason of the ownership, maintenance or use (including loading or unloading) of any of the automobiles covered by this policy as described in the schedule; (2) while within or upon the premises described in the schedule or upon the sidewalk or other ways immediately adjacent thereto by reason of the maintenance and operation of the business described in the schedule. B. To indemnify the assured against loss from the liability imposed by law upon the assured for damages on account of injury to or destruction of property of every description, including resultant loss of use thereof by reason of (1 a) any accident occurring within the policy period on or about the premises described in the schedule and caused by the operation of the business of the assured as described therein; (2) "any accident elsewhere than on the premises of the assured if caused by or resulting from the ownership, maintenance or use (including loading or unloading) of any automobile covered by this policy as described in the schedule."

The schedule contained the name of the assured as Andrew Hermann, and he was insured as an individual. The automobiles covered by the policy were those used by the insured in connection with the business operations of the assured for all purposes in said business and for their use and accidents resulting from the use of any automobile by proprietors or active executive officers who were covered only in the event that the names of said proprietors or active executive officers were written upon the schedule, and the annual remuneration was included in the estimated total remuneration for each such proprietor or active executive officer.

The list of proprietors or active executive officers contained the name of Andrew Hermann, Jr.

The accident that was the basis of the suit occurred when Andrew Hermann, Jr., was operating an automobile that belonged to his father, Andrew Hermann, Sr., which Andrew Hermann, Jr., was using for his own pleasure, not connected with the business of his father.

No liability attached to Andrew Hermann, Sr., by reason of this accident. The suit was instituted and the judgment obtained against Andrew Hermann, Jr.

Malley *v.* American Indemnity Co., 297 Pa. 216, was cited by plaintiff's counsel as supporting the claim against the Continental Casualty Company, by reason of the fact that the counsel of the company appeared at the trial representing Andrew Hermann, Jr., and defended the suit against him.

In the opinion delivered in Malley *v.* American Indemnity Co., *supra*, it was said: "In such cases, after a recovery of a judgment against the insured, the party injured may have a remedy against the company by garnishee process or by resort to a suit in equity," citing Fentress *v.* Rutledge, 140 Va. 685, and other cases, and that "the insured may sue the company directly after judgment and before he pays anything, or his creditor may institute garnishment against the company."

In the instant case there was no claim or judgment against the insured, and he could present no lawful claim for indemnity against the casualty company. The act of counsel for the company in defending the case brought against Andrew Hermann, Jr., did not create a new contract to indemnify him in addition to his father.

The policy provided that the liability of the company should be limited to the amounts and in the manner provided in the schedule, and that the company should have no liability for which a premium had not been designated in the schedule. The schedule contains the name of the insured as Andrew Hermann, and the automobiles covered by the policy are all authomobiles used by the insured in connection with his business operation and for all purposes of such business and for assured's use. But the claim in the present case was for damages caused by the negligence of the son of the insured. He was not covered by the indemnity policy.

And now, Dec. 10, 1929, the rule for judgment against the Continental Casualty Company, garnisheee, is discharged.