## Menige v. London Guarantee and Accident Co., Ltd.

*Ladner & Ladner*, for plaintiff; *Layton M. Schoch*, for defendant.

DAVIS, J., November 27, 1931.—This is an action in assumpsit on an automobile policy of insurance issued to a third person who had injured the plaintiff. The plaintiff recovered a verdict against the defendant's assured, who resided in Canada. Upon the trial against defendant's assured, a representative of the defendant company appeared as counsel for the defendant, and took part in the trial of the cause. A verdict was rendered in favor of the plaintiff in the sum of $849, from which no appeal was taken by defendant's assured. The defendant insurance company had not up to the time of the trial against the assured repudiated liability under the policy. Upon the rendition of the verdict, however, the insurance company refused to pay the amount thereof, and asserted that the assured had procured the policy from it through fraud. That question is *res adjudicata*, in view of the fact that the Superior Court of Ontario handed down an order declaring that the contract of insurance issued to the assured was void from its date of writing. Plaintiff's reply avers that since the plaintiff was not made a party to the above action against the assured in Canada, it is not *res adjudicata* as to her. Plaintiff further avers that section eighty-five of the Ontario Insurance Code,

relied upon by defendant, was expressly repealed by a statute enacted April 3, 1930, prior to the trial of plaintiff's suit against defendant's assured. A clause of the policy issued to the assured indemnifies the assured against "all loss or damage which the insured shall become legally liable to pay." The construction of this clause is not alleged by defendant to be any different from that placed upon it by the courts of the State of Pennsylvania.

The recent case of Malley v. American Indemnity Co., 297 Pa. 216, seems to control the questions raised in the reply. In the above case it was held, *inter alia:*

"Where an insurance company, under an indemnity contract, takes charge of the defense of an action on which liability rests, it will be estopped from thereafter questioning the claim either because it was beyond the terms of the policy or because the latter was procured by a breach of some warranty." See, also, Lewis et ux. v. Fidelity and Casualty Co., 304 Pa. 503. The defendant here assumed the right to defend, as it was bound to do under the policy with its assured, and under the cases above cited we are of opinion that it is now estopped from denying liability for the amount of the verdict rendered in that action.

The rule for judgment for want of a sufficient amended reply to new matter is discharged.