# Graham *v.* United States Fidelity & Guaranty Co., Appellant.

Argued March 21, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*J. Roy Dickie*, of *Dickie, Robinson & McCamey*, with him *W. Walter Braham*, of *Aiken & Braham*, for appellant.—The court erred in striking off the amendment to the statement of claim and caption eliminating Dr. C. E. Alquist as legal plaintiff: Rose v. Ins. Co., 296 Pa. 206.

The assured failed to coöperate and assist: Conroy v. Ins. Co., 292 Pa. 219; Moses v. Indemnity Co., 97 Pa. Superior Ct. 13.

The rights of this plaintiff can rise no higher than those of the assured himself: Howes v. Scott, 224 Pa. 7.

Under the circumstances here, defendant is not estopped from denying liability by reason of the failure of assured to coöperate and assist: Malley v. Indemnity Co., 297 Pa. 216; Moses v. Indemnity Co., 97 Pa. 13.

The suit was barred by the limitation contained in the policy: Miller Paper Co. v. Keystone C. & C., 275 Pa. 40.

The court erred in excluding the exemplification of the record of the Maine court and the official reports of decisions of the court of last resort of that state.

*William McElwee, Jr.*, with him *A. M. Shumaker*, for appellee.—Plaintiff had a right to sue in her own name: Rose & Son v. Accident & Liability Co., 296 Pa. 206.

Plaintiff is not barred by time limitation contained in policy.

The two-year limitation is inapplicable to Miss Graham's right of action: Moses v. Indemnity Co., 97 Pa. Superior Ct. 13; West v. MacMillan, 301 Pa. 344.

Plaintiff's right to recover is not barred by alleged failure of Alquist to coöperate with defendant: Conroy v. Ins. Co., 292 Pa. 219; Malley v. Indemnity Co., 297 Pa. 216; Moses v. Indemnity Co., 97 Pa. Superior Ct. 13.

The court did not err in excluding the record from the State of Maine.

OPINION BY MR. JUSTICE DREW, May 9, 1932:

In this action of assumpsit, the plaintiff, Helen A. Graham, seeks to recover upon a policy of automobile liability insurance issued by the defendant, United States Fidelity & Guaranty Company, to one Dr. C. E. Alquist, the amount of a judgment secured by her against him, and which, because of his insolvency, was not paid. From a judgment entered on a verdict in favor of plaintiff, defendant appealed.

During the life of the policy (of which the pertinent provisions are set forth in the note) plaintiff, while a passenger in Alquist's automobile, was injured. She sued him for damages, and, in accord with a provision of the policy, the company investigated the accident and furnished counsel to defend the suit. Shortly before the case was called for trial, about six months after counsel retained by the company had entered their appearance

---

NOTE.—The policy contains the following provisions: The insolvency or bankruptcy of the assured hereunder shall not release the company from the payment of damages for injuries sustained or loss occasioned during the life of this policy, and in case execution against the assured is returned unsatisfied because of such insolvency or bankruptcy in an action brought by the injured or his or her personal representative in case death results from the accident, then an action may be maintained by the injured person or his or her personal representative against the company under the terms of the policy for the amount of the judgment in the said action, not exceeding the amount of the policy.

No action by the assured shall lie against the company until the amount of the damages for which the assured is liable by reason of any casualty covered by this policy is determined, either by a final judgment against the assured or by agreement between the assured and the plaintiff with the written consent of the company; nor unless such action is brought within two years after the rendition of such final judgment.

Whenever requested by the company, the assured shall aid in securing information, evidence and the attendance of witnesses in effecting settlements and in defending suits hereinbefore referred to. The assured shall at all times render to the company all reasonable coöperation and assistance.

for him, Alquist disappeared. Repeated continuances were then had, to enable counsel to locate him, but all such efforts having failed, the case was tried. The company's attorneys conducted the defense and called but one witness—the agent who had investigated the case. A verdict was returned against Alquist and judgment was entered on July 21, 1927. Plaintiff caused a writ of fieri facias to be issued thereon, to which, because of the insolvency of Alquist, the sheriff made a return of "no goods." She then instituted, on August 8, 1929, this suit against the company, in the name of Alquist to her use, but before trial amended the title so that the action stood in her name alone. At the trial defendant contended that under the policy it was released from all liability because Alquist had not coöperated in the defense of the suit against himself. The trial judge charged the jury that if they believed from the evidence that Alquist had failed to render reasonable coöperation their verdict should be for the defendant. The jury concluded this question of fact against defendant by rendering a verdict for plaintiff.

Two days after plaintiff began the present action, on August 10, 1929, Alquist sued the defendant in the Superior Court of Maine for the amount of the judgment recovered by the plaintiff against him. That action never came to trial; on January 22, 1930, the following entry was made on the docket: "Neither party; no further action for the same cause, by agreement of Plaintiff and counsel for Def't." [On February 1, 1930, Alquist was adjudicated a bankrupt in the District Court of the United States for the District of Maine.] A duly authenticated copy of the record of that suit against the company, together with excerpts from the law of Maine, as laid down in Berry v. Somerset Ry., 89 Me. 553, and Means v. Hoar, 110 Me. 409, to the effect that such an entry acts as a bar to another suit on the same cause of action, was offered in evidence. The rejection of this offer, the refusal to strike off the amendment of the title

of the case, and the overruling of defendant's motion for judgment n. o. v. are now assigned as error.

Defendant contends that plaintiff's rights are derivative through Alquist, and therefore this action must be in his name; that Alquist's conduct, as a matter of law, constituted such lack of coöperation as to release it from all liability upon the policy; and that, even if the case be within the policy, this action cannot be maintained because it was not brought, as required by the policy, within two years after the entry of final judgment in the suit against Alquist, and because the disposition made of Alquist's suit in Maine on the judgment against him acts as a bar to this action upon the same judgment. These arguments, we think, cannot successfully be maintained.

Plaintiff bases her claim upon that provision of the policy which gives the injured party the right to maintain an action against the company after execution on a judgment against the assured has been returned unsatisfied because of the latter's insolvency. Since she was not a party to the policy, and gave no consideration for it, she is in the position of a third party beneficiary. While the general rule of the common law in this State is that no one not a party to an obligation may sue thereon in an action in his own name (Greene Co. v. Southern Surety Co., 292 Pa. 304), yet insurance contracts generally, as related to third party beneficiaries, are in a class by themselves, and an action may be maintained by such beneficiary directly against the insurer: Rose & Son v. Zurich Ins. Co., 296 Pa. 206. The effect of a clause such as this is to transfer the right to recover from the insured to the claimant (Rose & Son v. Zurich Ins. Co., supra), and while, as we there held, it would not have been improper for this action to have been brought in the name of the insured to plaintiff's use, yet as the policy expressly gave the injured party, the beneficiary, the right to sue the company, she could do so in her own name if she so chose. There is no force in defendant's

contention that any action upon this policy must be brought in the name of the assured.

Nor is there any merit in defendant's argument that it is not liable, as a matter of law, because Alquist failed to render the coöperation required by the policy. Whether Alquist had so failed was a question of fact, and for the jury, to whom it was expressly submitted. The verdict resolved that issue against defendant. We cannot say that this course was not proper. There was sufficient evidence to support such a finding. The probability that such conclusion was sound is not lessened by the fact that two days after this action was begun, and well beyond the time limitation imposed on Alquist by the policy, he instituted a suit against the company in Maine which was concluded by agreement of the parties, the record of which was offered in evidence as a bar to plaintiff's claim. By submitting the question to the jury, the court below did all defendant could reasonably ask, for the question could have been determined by the court, as a matter of law, because of the action of the company in acting under the terms of the policy by defending the suit against the insured. It cannot now, after an adverse verdict, deny its liability on the ground that the claim was not within its contract; it might have declined to defend, and rested on the position that the case was not covered by its policy, but, having made its decision, it is bound thereby: Malley v. American Indemnity Co., 297 Pa. 216; Kocher v. Kocher, 300 Pa. 206. A fortiori is this true where, at the time it undertook the defense, the insurer had full knowledge of the facts upon which it now bases its denial of liability: Moses v. Ferrel, 97 Pa. Superior Ct. 13. Defendant having conducted the defense of the suit against Alquist, in the face of what it now claims was such failure to coöperate on his part as to release it from liability, cannot now set up his alleged breach of the contract to escape payment of the judgment then obtained. It cannot play fast and loose, taking advantage of a chance to win, and,

if it lose, free itself of liability by claiming the case is not covered by its policy.

However, defendant contends that, even if the case is one within the contract, the provision of the policy that, "No action by the assured shall lie......unless such action is brought within two years......" acts as a bar to this suit by the injured party because it was not begun until after two years had elapsed from the entry of the judgment against Alquist. To state this contention is to answer it. The limitation is restricted to actions by the "assured," and that term does not include the plaintiff. Throughout the policy, wherever "assured" is used —including three other instances in the very paragraph on which defendant relies, it can apply only to Alquist. In no place is this term used to refer to the injured party, who, as we have seen, is expressly given a direct right of action against the company under certain conditions. This provision does not put a limitation upon all actions on the policy, as might well have been done if that had been the intention of the parties, but it confines the restriction to action thereon by Alquist, the assured. There is nothing in the policy limiting in any way the time within which an action by the injured party must be begun. We regard this provision of the policy as unambiguous, but, were there any doubt as to its meaning, we should construe it most strongly against the defendant company, as the language of the policy is its own: Krebs v. Phila. Life Ins. Co., 249 Pa. 330; West v. MacMillan, 301 Pa. 344.

Defendant, as a further bar to plaintiff's claim, offered in evidence a duly authenticated copy of the record of the suit instituted by Alquist in Maine, and now contends, on the theory that plaintiff can have no greater right under the policy than Alquist, that the entry there, which according to the law of Maine constitutes an agreement by Alquist not to bring suit, having extinguished his cause of action against the company on the judgment against him, consequently terminated her

right to sue the company on the same judgment. There is no merit in this contention. Plaintiff was given a direct right of action against the defendant, which accrued when the execution issued on her judgment against Alquist was returned unsatisfied. She exercised it before Alquist sued in Maine, and months before his suit was settled without notice to her. Her cause of action is unaffected by the disposition made in Maine of Alquist's suit. Her right cannot be defeated by the joint action of the company and the assured any more than it could be frustrated by the individual action of either. The record offered was incompetent and immaterial so far as the present proceeding is concerned, and the trial court properly refused to admit it in evidence.

The assignments of error are overruled, and the judgment of the court below is affirmed.