## Bass v. Bass et al.

Nicholas M. Curcio, for plaintiff; Samuel H. Torchia, for defendant. James P. Harris, for additional defendant.

VALENTINE, J., January 4, 1933.—Plaintiff sued the defendant in trespass to recover for personal injuries alleged to have been sustained through defendant's negligence while plaintiff was riding as a guest in defendant's automobile.

Counsel for defendant filed in the office of the prothonotary the following præcipe:

"Issue a writ of scire facias in accordance with the provisions of the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663, to bring upon the record, as additional defendant the Lumbermens Mutual Casualty Company, a corporation incorporated under the laws of the State of Illinois, with its home office in Chicago, whom defendant alleges is liable over to him for the cause of action declared on in this case, to the extent of the whole of the amount which may be recovered therein against him, for the reason that the additional defendant is liable over to him upon a policy of automobile insurance, dated March 25, 1930, No. 3112800, by which policy the additional defendant is to indemnify the assured (defendant) against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death at any time resulting therefrom, including death, accidentally suffered or alleged to have been suffered by any person or persons as a result of ownership, maintenance or use of his (defendant's) automobile. Returnable sec. reg."

Service of the writ having been duly made, the insurance company moved to quash the same for the reason "that the writ does not aver facts showing that it is a person liable over to the defendant on the cause of action declared on, or jointly or severally liable therefor with him, within the meaning of the Act of April 10, 1929, P. L. 479, as amended."

It is apparent from the language of the præcipe that the insurance company, under the terms of the policy therein referred to, became obligated to indemnify the insured (defendant) against loss from liability imposed upon him for dam-

ages on account of the operation of the automobile referred to in the policy. It was not the purpose of the Act of 1929 to permit an insurance company to be brought upon the record as a party defendant under such circumstances. The liability of the insurance company is based upon the contract between it and the defendant. It is not liable over to the defendant on the cause of action upon which the suit is based. In the event of a recovery against the original defendant, an attachment execution may be issued and the insurance company summoned as garnishee: Moses v. Ferrel, 97 Pa. Superior Ct. 13.

". . . the fact that the defendant in an action for personal injuries is insured against liability for such injuries has not the slightest bearing on the issue and it is equally clear that the introduction by plaintiff of this irrelevant fact, whether by statements of counsel, testimony, offers of proof or questions asked witnesses or jurors under the pretense of disclosing interest or bias, is ground for reversal." King v. Keller (No. 1), 90 Pa. Superior Ct. 596, 601. Neither can such fact be established by the voluntary action of a defendant who desires to assist a plaintiff to effect a recovery.

Therefore, now, January 4, 1933, the motion to quash the writ of scire facias is made absolute.

From Frank P. Slattery, Wilkes-Barre, Pa.