Boocks, for use, Appellant, *v.* Cochran.
Wrenshall, Appellant, *v.* Cochran.

Argued March 26, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*A. Kirk Wrenshall,* with him *Norman E. Clark,* for appellants.

*Thomas L. Anderson,* for appellee.

OPINION BY MR. JUSTICE LINN, April 19, 1943:

The legal plaintiff, Boocks, in December, 1932, obtained judgment against Cochran on a verdict for

$10,000.00 for injuries sustained while a passenger in Cochran's automobile. Cochran was insured against liability[1] by Union Indemnity Company of New York. Before the judgment was paid, the Indemnity Company failed and went into liquidation during the course of which its receiver paid plaintiff, $1,410.78 on account, the last payment being made August 26, 1938. In 1941, the plaintiff issued against defendant a scire facias to revive and an attachment execution attaching defendant's property in the hands of garnishees. Cochran, in his answers in both proceedings, set forth that after verdict and before judgment, the plaintiff executed and delivered a release ". . . of and from all and all manner of action and actions, cause or causes of action or actions, suits, damages, judgments, claims and demands whatsoever . . . by reason of a certain accident which occurred . . . whereby [plaintiff] was injured, when a passenger in a car owned by A. B. Cochran . . ." By that release, Boocks terminated his right to collect from Cochran the verdict he then had against him or the judgment to be entered on the verdict. Cochran moved to open the judgment. The three proceedings were consolidated; the parties waived a jury and proceeded to trial pursuant to the Act of April 22, 1874, P. L. 109, 12 PS section 688. Findings of fact were made; exceptions were heard by the court in banc which affirmed the findings. The court allowed the revival of the judgment on condition that it should not be a lien on any property then owned or subsequently acquired by Cochran and that no execution against him be issued. In the attachment execution, judgment for defendant was entered. The rule to open was discharged. The use-plaintiff appealed from the two orders affecting him. Cochran did not appeal from the order of revival nor from the discharge of his rule to open the judgment.

---

[1] See *Malley v. American Indemnity Co.*, 297 Pa. 216, 220, 146 A. 571; *Dougherty v. Wood*, 105 Pa. Superior Ct. 1, 3, 158 A. 203; *West v. MacMillan*, 301 Pa. 344, 152 A. 104.

The court found, inter alia, that after verdict and during the period prior to judgment in which defendant, under the rules of the court, might have filed motions for judgment and for a new trial, Boocks executed the release and that his attorney, with his authority, then delivered it to counsel for the defendant; that defendant's counsel, relying on the release, refrained from moving for judgment and for a new trial; that defendant, in the trial of the trespass action, presented his defense in good faith. Counsel for the Indemnity Company had entered their appearance for Cochran, but, when the trial began, declined to participate, apparently on the ground of non-coöperation; the defense was then conducted by Cochran's counsel. The insurance policy is not in the record.

We need not recite the evidence pro and con. The facts found and affirmed by the court in banc are amply supported by evidence and therefore, in this review, have the effect of a verdict of the jury. *Athens Nat. Bk. v. Ridgebury Twp.*, 303 Pa. 479, 483, 154 A. 791. It is to those facts that the law must be applied.

The basic contention of appellant is thus stated in his brief: "Is the secret release of an insured, from personal liability for negligence under an agreement to look to third party insurance carrier, alone, for damages fully covered by an indemnity policy, void as contrary to public policy?" By the word "secret," we assume, appellant refers to the fact that the Indemnity Company was not advised of it at the time; plaintiff's right "to look to third party insurance carrier" resulted from the insurance contract; the release made no reference to the policy. No fraud was charged.[2] Appellant's point, then, comes to this: had the plaintiff power

_____

[2] Counsel for appellant said at the trial: "Well, we don't claim, and I don't think we have anything in our pleadings to indicate that in this particular case there was fraud. Our whole point on public policy is that contracts of this sort are contrary to public policy in that they may lead to fraud or may jeopardize third persons' rights."

to release the defendant? Appellant's brief continues that his contract with the defendant should be held against public policy because it ". . . has a tendency to lead to fraud, whereby the rights of third persons may be prejudiced and the public interest is involved . . .; or, should the rule that such contracts are void as contrary to public policy be applied?"

We have carefully read appellant's argument but we can find nothing in it to support his suggestion that the release was in conflict with any declared public policy. The application of equitable principles in cases cited in appellant's brief (*Illinois Auto Exchange v. Braun*, 280 Pa. 550, 124 A. 691, may be considered typical) requires that an insured, who has been injured by another person, may not recover from his own insurer if he destroys the insurer's right of subrogation to sue the wrongdoer. The relationship of the parties in such transactions is quite different from that which existed between Cochran and Union Indemnity Company at the time the plaintiff settled with Cochran. The Indemnity Company insured, inter alia, against liability. As applied to this transaction, the insurer had agreed (a) that if Cochran damaged another, it would pay the damage and (b) that the person damaged had the right to proceed directly against it to recover on the judgment. Cochran, the insured, might have paid the judgment and required the company to reimburse him, or he could step aside, as he did, and allow the injured person to proceed against the company on the right conferred on such injured person by the policy: see *Rose & Son, Inc. v. Zurich Gen'l Accident Co.*, 296 Pa. 206, 145 A. 813; *West v. MacMillan,* 301 Pa. 344, 152 A. 104; *Graham v. U. S. Fidelity & G. Co.*, 308 Pa. 534, 162 A. 902; *Malley v. American Indemnity Co.*, 297 Pa. 216, 146 A. 571; *Moses v. Ferrel et al.*, 97 Pa. Superior Ct. 13.

It is unnecessary to discuss, seriatim, various positions suggested in appellant's brief because we must

decide the case on the facts found and not on those which appellant unsuccessfully urged the trial judge to find; we have stated those that are controlling. It is not important, in considering the effect of the release, that plaintiff's counsel agreed to represent him on condition ". . . that any recovery which he succeeded in securing, by reason of his alleged injuries, would be from the insurance so carried by A. B. Cochran, and that no part of the recovery would be collected or demanded from A. B. Cochran; . . ." The assignments of error are overruled.

Orders affirmed; costs to be paid by appellant.