## Spears v. Dawson

*James R. Barozzini*, for plaintiff.
*Jan C. Swensen*, for garnishee.

WETTICK, *J.*, March 13, 1979—On October 7, 1972, automobiles driven by plaintiff and defendant were involved in an accident. The automobile driven by defendant was covered by an insurance policy issued by Keystone Insurance Company (Keystone).

On December 6, 1972, plaintiff filed a damage action against defendant at no. 2517 January Term, 1973. Attorney Jan C. Swensen was retained by Keystone to represent defendant in these legal proceedings. On May 9, 1974, following a hearing before a board of arbitrators, an award of $1,730.55 was made in plaintiff's favor. Attorney Swenson appeared on defendant's behalf at the May 9, 1974, arbitration proceedings and participated in the defense of the case. Defendant, however, failed to attend the proceedings even though Mr. Swensen had advised him of the hearing date and had requested his presence.

By a letter dated May 21, 1974, Keystone informed defendant that he had breached his duty to cooperate in the defense of the action contrary to provision five of his insurance policy by failing to appear at the hearing and that Keystone was therefore denying coverage for the accident. In accordance with this letter, Keystone has refused to satisfy the judgment against defendant because of his failure to cooperate.

Plaintiff, through an attachment execution naming Keystone as garnishee, claims that Keystone is obligated to satisfy this judgment. Presently before this court is plaintiff's motion for summary judg-

ment. In support of this motion, plaintiff contends that he is entitled to a summary judgment against Keystone because Keystone continued to participate in the defense of this case after defendant breached his duty to cooperate or, alternatively, because Keystone failed to take an appeal from the award of arbitrators on defendant's behalf.

This motion for summary judgment requires this court to consider the extent to which an insurance company which wishes to deny coverage for breach of the cooperation clause shall participate in the defense of an action on behalf of an insured who fails to appear for a court hearing in breach of his or her duty to cooperate. On the one hand, plaintiff contends that Keystone is estopped to deny coverage because it remained in the case too long by participating in the defense of the action on behalf of an insured who failed to appear. Alternatively, plaintiff contends that Keystone may not deny coverage because it left the case too soon by failing to take an appeal from the arbitration award on behalf of this insured.

## I.

In determining the merits of plaintiff's contention that Keystone is estopped to deny coverage because it continued to represent defendant after he breached his duty to cooperate in the defense of the action, we initially consider Malley v. American Indemnity Co., 297 Pa. 216, 146 Atl. 571 (1929), which is the reference point for the appellate court case law governing breach of the cooperation clause. In Malley, the insurance company defended the suit against the insured but thereafter refused

to satisfy a judgment entered against its insured on the ground that the insured had breached the insurance agreement by failing to have full title to the automobile which he had insured. In a subsequent action by the insured against the insurance company, the Pennsylvania Supreme Court ruled in favor of the insured, holding that the insurance company was estopped to deny coverage because it had conducted a defense of the suit:

"Where an insurance company, under an indemnity contract, takes charge of the defense of an action on which liability rests, it will be estopped from thereafter questioning the claim either because it was beyond the terms of the policy or because the latter was procured by a breach of some warranty: [citations omitted]. When an insurance company or its representative is notified of loss occurring under an indemnity policy, it becomes its duty immediately to investigate all the facts in connection with the supposed loss as well as any possible defense on the policy. It cannot play fast and loose, taking a chance in the hope of winning, and, if the results are adverse, take advantage of a defect in the policy. The insured loses substantial rights when he surrenders, as he must, to the insurance carrier the conduct of the case. The insurance carrier is not placed in any disadvantageous situation, especially as the lack of ownership did not contribute to the loss. The estoppel to assert the breach of warranty as to title, is no higher in right than an estoppel generally to deny that the claim came under the policy. In effect, both are of equal merit." p. 224.

The Malley decision would not appear to govern

the present case. In Malley, the insured was prejudiced by the insurance company's continued participation in the defense of the case because if the insured had known that the insurance company did not intend to satisfy any judgment for the plaintiff, the insured may have decided to retain his own attorney to assume control of the defense of the litigation. In the present case, on the other hand, the insurance company's continued participation in the defense of the case once it was apparent that defendant would not be attending the arbitration proceedings did not prejudice defendant. Until defendant failed to appear for the May 9, 1974, arbitration hearing, Keystone could not have denied coverage on the ground of a breach of the cooperation clause. Once defendant failed to appear for this hearing, Keystone's decision to defend the claim did not prejudice defendant because if Keystone had withdrawn from the defense of the action, the hearing would have proceeded without any defense being offered.

In consideration for the payment of insurance premiums, any insured—including an insured who fails to appear as a witness in breach of the cooperation clause—should receive the best defense that an insurance company can provide together with every reasonable opportunity to cure the breach of the duty to cooperate. Therefore, the case law should encourage an insurance company to continue defending an insured who fails to cooperate as long as reasonably possible and should discourage withdrawal as soon as a breach of the duty to cooperate occurs. See Brakeman v. Potomac Insurance Company, 472 Pa. 66, 371 A. 2d 193 (1977). A finding that Keystone is estopped to deny

coverage in this case achieves just the opposite result.[1]

Appellate court case law, however, does not permit us to readily dismiss plaintiff's contention that Keystone is estopped to deny coverage because it continued to represent defendant once he breached his duty to cooperate.

In Moses v. Ferrel & Indemnity Co. of America, 97 Pa. Superior Ct. 13 (1929), the insurance company participated in the defense of an action on behalf of an insured who failed to appear at trial and thereafter denied coverage on the ground that the insured breached his duty to cooperate. Plaintiff then instituted garnishment proceedings against the insurance company to obtain payment of the judgment. The Superior Court affirmed the judgment entered on behalf of plaintiff. In so doing, the court stated:

"The second question must also be decided adversely to appellant. The court below properly calls

---

1. Plaintiff cannot contend that the insurance company has a duty to the plaintiff to satisfy a judgment once it defends an action on behalf of an insured who has breached the cooperation clause. The insurance company's duty is only to the insured; thus, the fact that an insurance company's defense on behalf of the insured makes it more difficult or expensive for a plaintiff to obtain a judgment gives the plaintiff no additional rights against the insurance company. The case law is settled that a plaintiff's right of action against an insurance company depends entirely upon the contract of insurance and its rights can rise no higher than those of the insured through whom the plaintiff claims. See Cameron v. Berger, 336 Pa. 229, 7 A. 2d 293 (1939). Also see Wasilko v. Home Mutual Casualty Company, 210 Pa. Superior Ct. 322, 232 A. 2d 60, 63 (1967); Pfeiffer v. Grocers Mutual Insurance Company, 251 Pa. Superior Ct. 1, 379 A. 2d 118, 121 (1977).

attention to the fact that there is nothing in the policy requiring the insured to attend the trial or to search for witnesses and that there is no averment that Ferrel's testimony would have been of any benefit to appellant if he had appeared. But, even if it be assumed that the failure of the insured to assist in the trial of the action, based upon the alleged negligent operation of his automobile, amounted to a breach of his undertaking under the terms of the policy, such breach was not available to appellant as a defense in this proceeding. With full knowledge of the fact that the insured was not in attendance at the trial and, in so far as this record discloses, without having made any effort to subpoena him if he was within the jurisdiction, or to take his deposition if beyond it, appellant undertook the defense. Under the authority of Malley v. American Indemnity Corp., supra, and the cases there cited, it is now estopped from setting up the alleged breach by the insured." p. 18.

Graham v. United States Fidelity & Guaranty Co., 308 Pa. 534, 162 Atl. 902 (1932), also involved an action by plaintiff to require an insurance company which conducted the defense on behalf of an insured who could not be located, allegedly in breach of the cooperation clause, to satisfy the judgment. In upholding a verdict for plaintiff against the insurance company, the Supreme Court stated:

"Nor is there any merit in defendant's argument that is not liable, as a matter of law, because Alquist failed to render the cooperation required by the policy. Whether Alquist had so failed was a question of fact, and for the jury, to whom it was

expressly submitted. The verdict resolved that issue against defendant. . . . There was sufficient evidence to support such a finding. . . . By submitting the question to the jury, the court below did all defendant could reasonably ask, for the question could have been determined by the court, as a matter of law, because of the action of the company in acting under the terms of the policy by defending the suit against the insured. It cannot now, after an adverse verdict, deny its liability on the ground that the claim was not within its contract; it might have declined to defend, and rested on the position that the case was not covered by its policy, but having made its decision, it is bound thereby: Malley v. American Indemnity Co., 297 Pa. 216; Kocher v. Kocher, 300 Pa. 206. . . . Defendant having conducted the defense of the suit against Alquist, in the face of what it now claims was such failure to cooperate on his part as to release it from liability, cannot now set up his alleged breach of the contract to escape payment of the judgment then obtained. It cannot play fast and loose, taking advantage of a chance to win, and, if it lose, free itself of liability by claiming the case is not covered by its policy." pp. 540-1.

In Cameron v. Berger, supra, the court, in response to plaintiff's claim that the insured's breach of the cooperation clause did not prejudice the insurance company, stated:

"Furthermore, even if the insured's liability were clear, the garnishee was prejudiced by her failure to contest the important issue of the amount of damages to be awarded. This the garnishee could not have done except by its full assumption of the

defense of the case, which would have jeopardized its right to avail itself of defendant's breach of the insurance contract. See Malley v. American Indemnity Corp., 297 Pa. 216; Graham v. U.S. Fid. & Guar. Co., 308 Pa. 534; Moses v. Ferrel & Indem. Co. of Am., 97 Pa. Superior Ct. 13." 336 Pa. at 234.

In Cohen Appeal, 182 Pa. Superior Ct. 399, 128 A. 2d 114 (1956), the court, in holding that counsel who enters an appearance on behalf of a defendant at the direction of an insurance company is entitled to withdraw as counsel once he claims that he is unable to contact or locate the defendant, stated: "It has been held that an insurance company's continued participation in the defense of its insured's case operates as a waiver of its right to subsequently raise the question of coverage. Kelly v. Kass, supra; Malley v. American Indemnity Co., 297 Pa. 216, 146 A. 571 (1929); Lewis v. Fidelity & Casualty Co., 304 Pa. 503, 509, 156 A. 73 (1931)." p. 406.

In each of the cases cited above, the court, without discussion, assumed that Malley v. American Indemnity Co., supra, governs any case in which an insurance company continues to defend an action once it knows that an insured has breached the insurance agreement. Malley, however, rests on the doctrine of estoppel; and there can be no estoppel unless that actor's conduct may prejudice the party claiming an estoppel (i.e., the insured through whom the plaintiff bases his claim)—see Kopra v. Stuyvesant Life Insurance Co., 236 Pa. Superior Ct. 581, 351 A. 2d 682, 684-5 (1975); Pfeiffer v. Grocers Mutual Insurance Co., 251 Pa. Superior Ct. 1, 379 A. 2d 118 (1977). Moreover, our appellate courts did not hold in any of the four cases

cited above that continued participation which does not prejudice the insured bars an insurer from denying coverage.[2]

Keystone's continued defense of the action after defendant breached his duty to cooperate did not prejudice defendant. Thus Malley v. American Indemnity Co., supra, and its progeny, which rest on the doctrine of estoppel, are inapplicable. And for this reason, we reject plaintiff's contention that Keystone is estopped to deny coverage because it provided a defense on behalf of an insured who failed to appear in breach of his duty to cooperate.

## II.

We now consider plaintiff's contention that Keystone is barred from denying coverage because it failed to take an appeal from the arbitration award on defendant's behalf.

---

2. In Moses v. Ferrel, supra, the court ruled that there was nothing in the insurance policy requiring the insured to attend the trial or to search for witnesses and there was no averment that the insured's testimony would have been of any benefit to the insurance company if the insured had appeared; in Graham v. United States Fidelity & Guaranty Co., supra, a jury had ruled against the insurance company on the question of whether the insured failed to render the cooperation required by the policy; in Cameron v. Berger, supra, the insurance company, according to the court, had promptly withdrawn from the defense of the action once it failed to locate the insured; and in Cohen Appeal, supra, the issue before the court was whether an insurance company could withdraw from the defense of an action prior to trial on the ground that the insured could not be located. Thus, while each of these four cases involve a claim by the insurance company that the insured had breached its duty to cooperate, none of the cases require a holding that the insurance company was estopped to deny coverage to support the decision of the court.

Under Pennsylvania law, an insurance company cannot be relieved of its obligations under a liability policy on the ground that the insured breached the cooperation clause of the policy unless the insurance company proves that the breach resulted in substantial prejudice and injury to its position. See Schmittinger v. Grogan, 402 Pa. 499, 166 A. 2d 524 (1961); Cameron v. Berger, supra; Zenner v. Goetz, 324 Pa. 432, 188 Atl. 124 (1936). Since an appeal from an arbitration award entitles the parties to a de novo hearing, Keystone, by taking an appeal on behalf of the insured, could have cured the insured's breach of the cooperation clause. And its failure to do so may prevent Keystone from establishing that the insured's breach of the cooperation clause at the arbitration proceedings resulted in substantial prejudice and injury to Keystone's defense of plaintiff's claim.

However, we cannot as a matter of law rule that an insurance company's failure to file an appeal on behalf of any insured who fails to appear for an arbitration hearing bars that insurance company from proving that the breach of the cooperation clause at the arbitration proceeding resulted in a substantial prejudice and injury to its position. In a motion for summary judgment, the burden rests on the moving party to demonstrate that no issues of fact exist. See Amabile v. Auto Kleen Car Wash, 249 Pa. Superior Ct. 240, 376 A. 2d 247 (1977); 2 Goodrich-Amram 2d §1035(b):3. And because there are situations in which a fact finder may conclude that an insurance company need not take an appeal from an arbitration award on behalf of an insured who fails to appear because it is so unlikely that the insured would fulfill his or her duty to cooperate at a subsequent de novo hearing, the question of whether an insurance company which fails to take

an appeal can establish that the insured's breach of the cooperation clause at the arbitration proceeding resulted in substantial prejudice and injury to its defense of plaintiff's claim cannot be disposed of without an evidentiary hearing.

For this reason, we reject plaintiff's contention that Keystone as a matter of law is barred from denying coverage because it failed to take an appeal from the arbitration award on defendant's behalf.

## ORDER

On March 13, 1979, it is hereby ordered that plaintiff's motion for summary judgment against Keystone Insurance Company is denied.