## Miller v. Lewis

*Lutz, Ervin, Reeser & Fronefield,* for plaintiffs.
*Hannum, Hunter, Hannum & Hodge,* for garnishee.

FRONEFIELD, P. J., June 6, 1934.—We have before us for consideration three separate motions for judgment against the garnishees on their answers to interrogatories.

On May 1, 1930, the two plaintiffs, while riding in an automobile owned by Mrs. Miller, were injured in a collision with the automobile of the defendant, and Mrs. Miller's automobile was damaged. Mrs. Miller sued the defendant to recover damages for her personal injuries and for the damage to her automobile. Mr. Miller sued the defendant to recover damages for his personal injuries and for the consequential damages sustained by him as a result of his wife's

injuries. At the time of the accident, the defendant was insured by The Indemnity Fire Company of America (hereinafter called "fire company") for claims for property damage that might be recovered against him by reason of the operation of his automobile. At the time of the accident, the defendant was insured by The Indemnity Casualty Company of America (hereinafter called "casualty company") for claims for bodily injuries that might be recovered against him by reason of the operation of his automobile, subject to the limit of $5,000 for injuries to one person, and, subject to the same limit of $5,000 for injuries to each person, to a total limit of $10,000 for injuries to two or more persons in one accident. The two companies were affiliate companies and employed the same attorney.

The defendant having reported the accident to the companies, each employed Morton Z. Paul, Esq., to represent its interest at the trial of the case. Mr. Paul accordingly entered his appearance for the defendant. At the trial of the case, the jury brought in a verdict of $2,900 against the defendant in favor of Mrs. Miller and a verdict of $8,682 against the defendant in favor of Mr. Miller. The record does not show how much of Mrs. Miller's verdict was for property damage and how much was for personal injuries. Neither does the record show how much of Mr. Miller's verdict was for his own personal injuries or how much was for the consequential damages resulting from his wife's injuries. Neither party had requested the court to instruct the jury to indicate such division in its verdict.

The defendant's motion for a new trial was refused, and an appeal taken to the Supreme Court. For the purposes of this appeal, each company employed to represent its interest Samuel S. Herman, Esq., who entered his appearance for the defendant. The appeal was subsequently non-prossed. Thereupon, each of the plaintiffs issued an attachment execution against each of the companies and served interrogatories upon them.

The answer of the fire company to Mrs. Miller's interrogatories substantially admitted the foregoing facts but averred that "no liability for the payment of any sum of money by it to defendant, Benjamin J. Lewis, or to anyone, has arisen under the terms of its policy, by reason of the judgment in favor of Mary Williams Miller, because it has not been and cannot be determined what sums, if any, were allocated to said Mary Williams Miller by the jury on account of either or both of her said claims" (i. e., her claim for personal injuries and her claim for property damages).

The answer of the casualty company to Mrs. Miller's interrogatories contained an identical averment.

The answer of the casualty company to Mr. Miller's interrogatories was similar, in that it denied liability because "it has not and cannot be determined what sums, if any, were allocated to the said Henry M. Miller, by the jury on account of either or both of his claims" (i. e., his claim for his own personal injuries and his claim for consequential damages as a result of his wife's injuries).

Because of the fact that Mr. Miller had made no claim for property damages, he has not moved for judgment against the fire company. However, motions for judgment were made on the other three answers on the ground that they were insufficient.

The garnishees deny liability on the theory that the plaintiff is unable to state the amount due to the defendant which is subject to attachment. The plaintiffs admit their inability to state the exact amount, but seek to have judgments entered in their favor on the theory that their dilemma arose through no fault of their own, but by reason of the failure of the garnishees, by their

joint counsel at the trial of the case, to ask for a verdict which would have fixed their respective liabilities. The plaintiffs argue that, at the time of the trial, they were not in a position to know that there were two insurance companies interested, and that, even if they had known of it, a request on their part for an itemized verdict might have given counsel for the defendant an opportunity to move for the withdrawal of a juror on the ground that they were attempting indirectly to indicate to the jury that the defendant was insured. They also argue that the defendant himself, in whose shoes they stand in these garnishment proceedings, could not have made such a request, because, under his policies, he was required to surrender to the companies complete control of the conduct of the litigation, and that any interference on his part might have given the companies the right to withdraw from the case. They therefore claim that the garnishees are solely responsible for the situation and should pay to the plaintiffs the amounts of their respective verdicts and settle their respective liabilities between themselves.

We agree with the argument of the plaintiffs to the extent that the general denial of liability by the garnishees does not prevail where the undisputed facts clearly indicate that a liability does exist. The answers admit that each of the companies had issued a policy to the defendant which was in force at the time of the accident. When a policy of liability insurance is in force at the time of an accident which is covered by it, the liability of the insurer becomes a present contract obligation to pay whatever sums, not exceeding the amount of the policy, will in fact indemnify the insured.

In Moses v. Ferrel et al., 97 Pa. Superior Ct. 13, judgment for want of sufficient answers was given against the garnishee in spite of a general denial of liability, the court saying (p. 18) : "While it is true that the company made a general denial of liability, there was no issue to go to a jury. The question of liability, under the undisputed facts, was purely one of law."

However, in the case at bar, there is an issue to go to the jury, i. e., the amount of the liability. We cannot agree with the plaintiffs, even admitting, for the sake of argument, that the situation here arose through the fault of the garnishees, that they should be granted judgments for the full amount of the verdicts, particularly since it is clear that Mr. Miller's verdict is beyond the policy limits. The casualty company had issued a policy to the defendant which is commonly known as a $5,000 and $10,000 policy. Such a policy provides that, in case of injuries to more than one person, the amount payable on account of the injuries of one person shall not exceed $5,000. Such amount includes the direct loss to the person injured and the consequential losses which others may suffer by reason of his injuries. Therefore, so far as the casualty company is concerned, the portion of Mrs. Miller's verdict covering her pain and suffering and the portion of Mr. Miller's verdict covering the consequential damages sustained by him as a result of her injuries cannot exceed $5,000.

Since we are not in a position to enter judgment for the full amount claimed, it is for a jury rather than the court to determine the respective amounts due under the policies. We feel that there is a method by which the plaintiffs can establish these amounts at the trial of this case, and we must relegate them to that remedy. Since the liability of each of the garnishees is established, the only question for the jury will be the amount of the liability. However, we must discharge each of the rules for judgment.

## Order

And now, to wit, June 6, 1934, it is ordered and decreed that the rule on The Indemnity Casualty Company of America to show cause why judgment should

not be entered against it on the answers to interrogatories on attachment sur judgment of Henry M. Miller, be and the same is hereby discharged.

It is further ordered and decreed that the rule on The Indemnity Casualty Company of America to show cause why judgment should not be entered against it on the answers to interrogatories on attachment sur judgment of Mary Williams Miller, be and the same is hereby discharged.

It is further ordered and decreed that the rule on The Indemnity Fire Company of America to show cause why judgment should not be entered against it on the answers to interrogatories on attachment sur judgment of Mary Williams Miller, be and the same is hereby discharged.

From William R. Toal, Media, Pa.