## Pfeiler, Appellant, *v.* Penn Allen Portland Cement Company, et al.

*Insurance—Liability insurance—Bankrupt assured—Claim of injured person to subrogation.*

One who has obtained judgment against a bankrupt corporation for personal injuries sustained through the negligence of its servants, is not entitled to be subrogated to the right of the bankrupt corporation against an insurance company, under an indemnity policy of accident insurance, containing a clause reading as follows: "No action shall lie against the company to recover for any loss or expense under this policy unless it shall be brought by the assured for loss or expense actually sustained and paid in money by him after actual trial of the issue, nor unless such action is brought within two years after payment of such loss or expense." The lower court, therefore, committed no error in sustaining a demurrer and dismissing a bill filed for the purpose of requiring the insurance company to pay plaintiff the amount of his judgment against the bankrupt corporation.

Argued March 10, 1913. Appeal, No. 18, Jan. T., 1913, by plaintiff, from decree of C. P. Northampton

Co., Sept. T., 1912, No. 2, in Equity, sustaining demurrer and dismissing bill in case of Ludwig Pfeiler v. The Penn Allen Portland Cement Company and The Ætna Life Insurance Company. . Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ.  Affirmed.

Bill in equity praying for a decree subrogating plaintiff to the rights of his bankrupt employer, through whose negligence he had been injured and damaged, against defendant insurance company.  Before STEWART, J.

Defendant filed a demurrer which was sustained and a decree made dismissing the bill.  Plaintiff appealed.

*Error assigned* was the decree of the court sustaining demurrer and dismissing bill.

*Herbert F. Laub,* of *Smith, Paff & Laub,* with him *E. C. Nagle,* for appellant.

*E. J. Fox,* with him *J. W. Fox,* for appellee.

PER CURIAM, April 28, 1913:

The plaintiff obtained a judgment in an action for personal injuries against the Penn Allen Portland Cement Company, which became insolvent and was adjudged a bankrupt.  He filed a bill for subrogation to the rights of the cement company under an indemnity policy of accident insurance issued to it by the Ætna Life Insurance Company and for a decree requiring the insurance company to pay to him the amount of his judgment against the cement company.  The court sustained a demurrer and dismissed the bill.

The insurance policy provided that: "No action shall lie against the company to recover for any loss or expense under this policy unless it shall be brought by the assured for loss or expense actually sustained and paid in money by him after actual trial of the issue, nor

unless such action is brought within two years after payment of such loss or expense." The cement company has paid nothing and under the express terms of its contract it is not entitled to recover from the insurance company. Since it has no right of action there is nothing to which the plaintiff could be subrogated. For this reason the bill was dismissed by the learned judge of the Common Pleas and in the decree entered we fully concur.

The decree is affirmed at the cost of the appellant.