EUGENE W. NEWTON, *Trading, etc. v.* THE WEST-
CHESTER FIRE INSURANCE COMPANY *et al.*

(No. 8479)

Submitted March 8, 1938. Decided April 5, 1938.

*E. H. Yost* and *Walter F. Ball,* for appellant.

*Tom B. Foulk* and *Charles P. Mead,* for appellee West-
chester Fire Insurance Company.

HATCHER, JUDGE:

Plaintiff obtained a judgment for property loss against
a common carrier who had an indemnity insurance policy
with defendant. The carrier is insolvent, and the judg-
ment is wholly unsatisfied. Plaintiff seeks in this suit to
recover the amount of the judgment from defendant. A
demurrer to the bill was sustained, and the bill dis-
missed.

The policy contains this restriction: "No suit or ac-
tion shall lie against the Company to recover for any
loss under this policy unless it shall be brought by the

assured for loss actually sustained and paid by the assured."

Plaintiff's counsel take this position: "The performance of the part of the insurance contract, 'and paid by the assured', on the part of the assured, became impossible. The excuse for its non-performance is an equitable one. The assured encountered a misfortune, that is, insolvency. This, we urge, was beyond the power of the assured to control or prevent. And on account thereof, the assurer has not certainly offered a valid excuse for the non-performance of that part of the contract or policy. And most certainly this doctrine should prevail in favor of the owner of the goods so destroyed. It's a sufficient reason to estop the insurance company from the invocation of such defense."

Counsel are supported in a general way by *Beacon Lamp Co.* v. *Travelers' Ins. Co.*, 61 N. J. Eq. 59, 47 A. 579, a case with facts not basically dissimilar to this one. The court there, by involved reasoning, concluded that after judgment by a third person against the insured, the relation of principal and surety arose between the insurer and the insured, the insurance contract could be ignored, and the hand of the chancellor not stayed "in enforcing a plain equity." In this jurisdiction, we have never assumed authority to construe a policy according to the equities of a cause. We are committed to the rule that an insurance contract, like other contracts, must be construed according to its terms. *Kincaid* v. *Equitable Life Assur. Soc.*, 116 W. Va. 672, 183 S. E. 40.

The terms of the instant policy are clear. It was not made for the benefit of third persons, but for the specific benefit of the carrier. Even that benefit is limited. The defendant is responsible only for a satisfied liability of the carrier. The limitation itself is not illegal, and the carrier and the defendant having so contracted with each other, the limitation must be upheld. See the opinion in *Combs* v. *Hunt*, 140 Va. 627, 125 S. E. 661, 665, 37 A. L. R. 621 through which flows a "great current of authority" in accord with this construction. The plaintiff herein

can have no higher right under the policy than does the carrier. The latter, not having actually paid anything on the judgment, could recover nothing by reason thereof from the defendant. Since the carrier is without right of action against defendant, "there is nothing to which the plaintiff could be subrogated." *Pfeiler* v. *Penn Allen Cement Co.*, 240 Pa. 468, 87 Atl. 623. Counsel for plaintiff rely to some extent on *Wager* v. *Providence Ins. Co.*, 150 U. S. 99, 14 S. Ct. 55, 37 L. Ed. 1013. The facts in that case are so different from those here, that we find no analogy.

The decree is affirmed.

*Affirmed.*