624 A.2d 1063

Clarence L. HUGHES and Doris A. Hughes, H/W, Appellants,

v.

PRUDENTIAL LINES, INC., Defendant,

American Steamship Owners Mutual Protection
& Indemnity Association, Inc., Garnishee.

Superior Court of Pennsylvania.

Argued Feb. 19, 1993.

Filed May 3, 1993.

Ronald L. Wolf, Philadelphia, for appellants.

Stephen M. Calder, Philadelphia, for appellees.

Before BECK, POPOVICH and BROSKY, JJ.

BECK, Judge.

In this personal injury action we decide whether plaintiffs-appellants, Clarence L. Hughes and Doris A. Hughes, can maintain a garnishment action against appellee American Steamship Owners Mutual Protection & Indemnity Association, Inc. ("American Club"), in order to collect a judgment against Prudential Lines, Inc. ("PLI"), on the basis of an indemnity insurance policy. The parties to the indemnity policy were PLI and American Club. The terms of the policy provided that only upon payment by PLI to an injured claimant would American Club become obligated to indemnify its insured, PLI. We affirm the trial court's entry of summary judgment in favor of American Club.

Appellant Clarence Hughes was injured during the course of his employment on board PLI's vessel, the S.S. Saroula. He and his wife brought suit against PLI, and a judgment in the amount of $200,000 was entered by agreement in their favor. PLI was insured at the relevant time by American Club, through a $50,000,000 indemnity policy, with a $50,000 deductible.

Under the terms of the indemnity policy, in order to invoke American Club's liability, its insured PLI must first make payments on a covered claim. *See* 11 *Couch Ins.2d* § 44:4 (1992) (under an indemnity contract the insurer is required to indemnify the insured only after the insured has sustained an actual loss, i.e., after the insured has paid). The relevant language in PLI's policy provides that American Club "agrees to indemnify the assured against any loss, damage or expense which the assured shall become liable to pay *and shall pay* ...." (emphasis added). In this case, although PLI consented to the entry of judgment, PLI never made any payment to the Hugheses on the judgment. Instead, an involuntary petition in bankruptcy was filed against PLI two days after judgment was entered. Obviously, any payment to appellants, except through the bankruptcy proceedings, then became impossible.

The Hugheses instituted garnishment proceedings against American Club, in order to execute on the judgment against PLI. They allege that the "prepayment" clause of PLI's indemnity policy is void under Pennsylvania law. In other words, the appellants argue that Pennsylvania law voids the condition in the policy under which American Club's liability arises only after PLI has paid on the judgment. Therefore, the Hugheses assert that they are entitled to payment by American Club directly. They further argue that even if the indemnity provision is upheld, American Club waived its right to deny liability under the policy by taking control of PLI's defense.

On the other hand, appellee American Club insists that New York law, not Pennsylvania law, applies to this case, and that the prepayment provision of the indemnity policy is enforceable. In addition, American Club asserts that even Pennsylvania law would uphold the indemnity contract. In the alternative, American Club argues that any payment which it must make to the Hugheses is subject to a set-off for overdue premiums left unpaid by insolvent PLI.

The trial judge granted summary judgment in favor of the insurer American Club, holding that the Hugheses had no cause of action against it. This appeal ensued. Because the relevant facts are not in dispute, we must decide whether American Club was entitled to judgment as a matter of law. Pa.R.Civ.P. 1035(b).

■ We first address appellants' argument that this is a garnishment action and therefore Pennsylvania law applies. It is well established in Pennsylvania that the laws pertaining to procedures and exemptions in attachment and garnishment are governed by the law of the forum state. *Caddie Homes, Inc. v. Falic*, 211 Pa.Super. 333, 235 A.2d 437 (1967), citing *Bolton v. Pennsylvania Co.*, 88 Pa. 261 (1879). The Hugheses argue that if Pennsylvania law applies, the prepayment clause in the American Club indemnity policy should not be enforced. They claim that, once the indemnity provision of the policy is avoided, they may stand in the shoes of insured PLI and may

recover the insurance proceeds, despite the fact that PLI has made no payment on the outstanding judgment.

In support of their contention appellants cite a Pennsylvania garnishment case which purportedly limits the validity of "prepayment" clauses. *See West v. MacMillan,* 301 Pa. 344, 152 A. 104 (1930) (judgment creditor could garnish insurance proceeds of indemnity policy prior to insured's payment because insurer took control of defense of liability action). However, the situation described in *West* is not presented here.[1]

■ Even if the decisions cited by appellants were analogous, this is not a "garnishment action" which would require the application of Pennsylvania law. Instead, the threshold question in this appeal is whether plaintiffs are entitled to garnishment *under the terms of an insurance contract.* In other words, the issue is whether American Club owes a debt either to its insured PLI or to the Hugheses—this clearly is a question of contract construction. The appellants themselves concede that if this case involves contract interpretation, New York law applies. *Brief of Appellants* at 22.[2]

1. Appellants also refer to other Pennsylvania cases which created exceptions to the prepayment condition in indemnity policies, but these cases do not involve garnishment actions. Their facts also are otherwise distinguishable from this case. *See, e.g., Malley v. American Indemnity Co.,* 297 Pa. 216, 146 A. 571 (1929) (indemnity insurer will be estopped from claiming protections of policy where it took charge of insured's entire defense); *Barr v. General Accident Group,* 360 Pa.Super. 334, 520 A.2d 485 (1987) (prepayment by insured not required where insured assigned its rights to judgment creditor, who could then pursue direct action against insurer). PLI has not assigned its rights against American Club to the Hugheses; such assignment is prohibited under the express terms of the policy. Furthermore, as is discussed in detail below, the record does not establish involvement by American Club in PLI's defense sufficient to impose liability under *Malley, supra* and *West, supra.*

2. Our supreme court in *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964), adopted an "interests analysis" approach to determining choice of law. In *Griffith,* an airplane crash occurred in Colorado, but the court applied Pennsylvania law to the resulting litigation, since the contract (the purchase of an airline ticket) was entered into in Pennsylvania. *Id.* It was held that Pennsylvania, and not the place of the injury, had the most "significant relationship" with the occurrence and the parties. *Id.* Similarly, this court has held that the state with the most compelling interest in an insurance policy issued in New

■ Relevant New York law would uphold the prepayment clause under the facts of this case.[3] *See generally Burke v. London Guarantee & Accident Co.*, 47 Misc. 171, 93 N.Y.S. 652 (N.Y.Sup.Kings Cty.1905); *Cucurillo v. American Steamship Owners Mut. Protection & Indemnity Ass.*, 1969 A.M.C. 2334 (N.Y.Sup. Part I 1969). *See also Miller v. American Steamship Owners Mut. Protection & Indemnity Ass.*, 509 F.Supp. 1047 (S.D.N.Y.1981) (if marine insurance policy is one of indemnity, New York law precludes direct action against insurer—even by insured—until payment is made); *Ahmed v. American Steamship Owners Mut. Protection & Indemnity Ass.*, 444 F.Supp. 569 (N.D.Cal.1978) (same, applying New York law).

■ Even if Pennsylvania law did apply, however, the result in this case would be no different. *See Pfeiler v. Penn Allen Portland Cement Co.*, 240 Pa. 468, 87 A. 623 (1913) (where bankrupt debtor has not paid judgment, judgment creditor is not entitled to recover insurance proceeds under indemnity only contract).[4] Nonetheless, appellants assert

Jersey, to a New Jersey resident, is New Jersey. *Nationwide Mut. Ins. Co. v. Walter*, 290 Pa.Super. 129, 434 A.2d 164 (1981). *See also Caputo v. Allstate Ins. Co.*, 344 Pa.Super. 1, 495 A.2d 959 (1985). Here, a New York insurer issued the indemnity policy to a New York insured in New York, and therefore, under a *Griffith* analysis, New York law applies; no other state has a comparable interest in the outcome of this matter.

3. There is a New York statute that authorizes a direct right of action by an injured claimant against the insurer of an insolvent insured, even when the insurance policy is an indemnity contract. N.Y.Ins.Law § 167. However, the statute is expressly inapplicable to marine insurance contracts. § 167(4).

4. Appellants rely upon 40 Pa.C.S.A. § 117 for the proposition that Pennsylvania policy favors a direct action against American Club for the insurance proceeds now that PLI is bankrupt. Section 117 prohibits the issuance (presumably in Pennsylvania) of indemnity policies unless such policies provide that the insolvency of the insured shall not release the insurer of its obligations to the injured party. However, this statute applies only to personal injuries or damage to property caused by motor vehicles or animals. *Cf. Philadelphia Forrest Hills Corp. v. Bituminous Casualty Corp.*, 208 Pa.Super. 461, 222 A.2d 493 (1966) (loss was caused by fire, not by motor vehicle or animal, but judgment creditor could recover directly from indemnity insurer because insurance policy expressly provided for direct payment by indemnity insurer where insured was insolvent).

that, under Pennsylvania law, American Club must be estopped from relying upon the prepayment provision in its policy because of its overriding involvement in PLI's defense of the underlying liability action. *See West, supra; Malley, supra.* We disagree.

■ Our review of the record reveals that American Club did request and receive regular updates on the status of the litigation from PLI's lawyers, and the insurer did get involved in analyzing the settlement value of the case.[5] Although appellants make much of the fact that American Club sought to keep itself informed of the events and value of the case, such involvement is to be expected where the insurer eventually may be required to indemnify the insured. However, PLI hired its own lawyers and conducted its own defense; we find no error in the trial judge's finding that American Club's involvement in the case did not rise to the level of total control over the litigation.

In cases which hold that the indemnity insurer had waived the prepayment clause, the insurer actually took charge of its insured's entire liability defense. For example, in *Malley, supra,* the insurer was held liable to the injured plaintiff after judgment was rendered against the insured, even without its insured's prepayment. The "indemnity" insurance policy provided that the insurer "shall defend such suits in the name and on behalf of the insured." *Id.* Because the insurer did assume "entire charge of the litigation," it "adopted the insured's liability" and thus was immediately liable on the

5. Details of American Club's involvement were stipulated to by the parties and do not present issues of fact. The stipulated information is included in the trial judge's opinion and is summarized as follows: PLI's lawyer sent status reports to PLI with copies to American Club; at the request of PLI's lawyer, American Club recommended the name of an undercover investigator; PLI's lawyer informed both PLI and American Club of the case's movement on the trial list; American Club received copies of medical reports and expert reports, including deposition summaries, regarding plaintiff's condition; American Club received a copy of the report of plaintiff's vocational expert; American Club was notified when the case reached trial, and was also notified when a consent judgment was entered against PLI.

judgment.[6]

Similarly, in *West, supra,* the judgment creditor initiated garnishment proceedings against the defendant's indemnity insurer, despite the defendant's failure to pay on a judgment. The policy specifically prohibited direct action by a judgment creditor prior to the insured's actual payment, but our supreme court allowed recovery. The court reasoned that the policy actually provided indemnity against *liability,* rather than just *damages;* after the insurer exercised its right to defend the underlying action, "appearing by counsel, who conducted the trial," it could no longer hide behind the "joker of the policy"—the prepayment clause. *Id.* at 350, 152 A. at 106. The circumstances and policy language presented in *West* and *Malley* are absent here.[7]

Therefore, we hold that appellants have no right of action in garnishment against American Club. The insurance contract is between PLI and American Club; the Hugheses have no third party beneficiary rights under the contract. American Club cannot be liable to PLI until PLI pays on the judgment. The unfortunate fact that PLI now is in bankruptcy does not alter the terms and effect of the insurance contract. Plaintiffs are no different than any other judgment creditors of a bankrupt entity; they must file the appropriate proofs of claim in the bankruptcy court and await the outcome of that proceeding.

Because we affirm the trial court's decision and hold that plaintiffs are not entitled to recovery from American Club, we need not reach the issue of set-off of premiums owed by PLI. We note that American Club's claim for the sums allegedly

---

**6.** The policy also expressly provided that "the insolvency or bankruptcy of the insured shall not release" the insurance company. *Malley,* 297 Pa. at 220, 146 A. at 571.

**7.** At one point prior to trial, PLI did try to leave the entire case in American Club's hands. PLI asked American Club to take over its defense as PLI could no longer pay its lawyers. American Club rejected this request, and reminded PLI of its obligation to "defend at all times its own interests as well as those of American Club in full compliance with the terms and conditions of the policy."

owed by PLI is likewise a claim against the debtor's estate, and this issue must be litigated in the bankruptcy forum.

Order affirmed.