NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 15-2506
_____

ROCHELLE CARMICHAEL,
Appellant

v.

PRESSLER AND PRESSLER, LLP; MIDLAND FUNDING, LLC; MIDLAND
CREDIT MANAGEMENT, INC.; NEW CENTURY FINANCIAL SERVICES, INC.;
& JOHN DOES 1-10

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-14-cv-6124)
District Judge: Honorable Mark A. Kearney
_____

Submitted Under Third Circuit LAR 34.1(a)
April 5, 2016

Before: AMBRO and KRAUSE, *Circuit Judges*, and THOMPSON,[*] *District Judge*

(Opinion Filed: April 15, 2016)
_____

OPINION[**]
_____

THOMPSON, *District Judge.*

---

[*] The Honorable Anne E. Thompson, District Judge for the United States District Court
for the District of New Jersey, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Rochelle Carmichael ("Carmichael") appeals the District Court's Order of June 5, 2015 granting all Defendants' motions to dismiss Carmichael's complaint, which alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Because the District Court correctly concluded that Carmichael failed to state a claim under the FDCPA, we will affirm.

## I. BACKGROUND

Since we write primarily for the parties, we provide background only as relevant to the issues on appeal. According to the complaint, Carmichael is a New Jersey resident who was employed by Alvah Bushnell Co. in Pennsylvania. Alvah Bushnell Co. also has a location in New Jersey. Carmichael had two judgments entered against her in New Jersey that arose from unpaid credit card debts. Defendants are debt collectors who filed wage garnishments in New Jersey, where Carmichael lived. Defendants sought garnishment of Carmichael's wages at Alvah Bushnell's New Jersey address. Carmichael's wages were subsequently garnished.

Carmichael filed suit against Defendants in the Eastern District of Pennsylvania. She alleged that her wage garnishment was unlawful under the FDCPA.[1] Defendants each filed their own motions to dismiss, which were granted on the grounds that Carmichael's complaint[2] failed to state a claim upon which relief could be granted.[3]

---

[1] Carmichael also raised two state law claims, but the District Court declined to exercise supplemental jurisdiction. *See Carmichael v. Pressler & Pressler, LLP*, No. 14-6124, 2015 WL 3555704, at *1 (E.D. Pa. June 5, 2015).

[2] Carmichael's Second Amended Complaint was the operative complaint in the District Court's decision, and it is the operative complaint in our opinion as well.

2

**II. JURISDICTION AND STANDARD OF REVIEW**

The District Court had jurisdiction over the federal question presented by Carmichael's complaint. 28 U.S.C. § 1331. We have jurisdiction over Carmichael's appeal, which challenges the District Court's dismissal of her complaint. 28 U.S.C. § 1291. We exercise plenary review over a District Court's decision to grant a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009).

**III. DISCUSSION**

Carmichael argued before the District Court that her wages could not be garnished because she earned them in Pennsylvania, which has a statute generally prohibiting wage garnishment. *See* 42 Pa. Cons. Stat. § 8127(a). The District Court found that Pennsylvania has consistently honored out-of-state garnishments for well over a century. *Carmichael*, 2015 WL 3555704, at *1. The District Court additionally found that no case law supported Carmichael's position. *Id.* at *2. Lastly, the District Court held that there is "no legal basis for imposing Pennsylvania law on Defendants who acted appropriately under New Jersey law to collect on their New Jersey judgment against a New Jersey resident." *Id.*

Carmichael argues that Pennsylvania is bound to respect other state's judgments, but not their "collection devices," namely, the mechanism of wage garnishment.

---

[3] While Pressler and Pressler, LLP sought dismissal for failure to state a claim, the remaining defendants sought dismissal for lack of personal jurisdiction. Contrary to Carmichael's assertion, the District Court granted those motions. *See Carmichael*, 2015 WL 3555704, at *1 n.2. Because Carmichael failed to argue in her opening brief that this decision was wrong, she has waived any challenge to this decision. *See, e.g.*, *United States v. Albertson*, 645 F.3d 191, 195 (3d Cir. 2011).

Appellant's Br. 17.  This argument goes against the relevant line of case law.  "It is well established in Pennsylvania that the laws pertaining to procedures and exemptions in attachment and garnishment are governed by the law of the forum state."  *West v. Ford Motor Credit Co.*, No. 12-5115, 2013 WL 497159, at *3 (E.D. Pa. Feb. 11, 2013) (quoting *Hughes v. Prudential Lines, Inc.*, 624 A.2d 1063, 1065 (Pa. Super. Ct. 1993) and citing multiple other Pennsylvania cases).  Contrary to Carmichael's argument, this line of case law need not be abandoned because the Pennsylvania legislature amended Section 8127 in 2004.  The amendment only changed the phrase "district justice" to "magisterial district judge," which has no effect on the substantive meaning of the statute.   2004 Pa. Legis. Serv. Act 2004-207 (S.B. 904).

Even if Carmichael were a Pennsylvania resident working in Pennsylvania, her wages could be garnished via an out-of-state judgment and wage attachment.  *See, e.g.*, *Graham v. ADP TotalSource, Inc.*, No. 14-3181, 2015 WL 3796019, at *3 (E.D. Pa. June 18, 2015); *West*, 2013 WL 497159, at *3.   However, as the District Court noted, all of the relevant events in this case took place in New Jersey.  New Jersey permits wage garnishment.  N.J. Stat. Ann. § 2A:17-50.  More specifically, New Jersey permits wage garnishments to be served on foreign corporations (such as Alvah Bushnell Co.) that are subject to New Jersey's jurisdiction due to their ties to the state.  *Mechanics Fin. Co. v. Austin*, 86 A.2d 417, 418 (N.J. 1952); *see also Champion Int'l Corp. v. Ayars*, 587 F. Supp. 1274, 1276 (D. Conn. 1984) (citing multiple cases where wage garnishments were served on corporations' satellite offices).  Alvah Bushnell Co. has at least one location in New Jersey, and Carmichael does not dispute New Jersey's ability to exercise jurisdiction

4

over Alvah Bushnell Co. Carmichael herself resides in New Jersey, and provides no case law that demonstrates why her wages cannot be garnished in New Jersey via the properly served garnishments on her employer.

Nor are we persuaded by Carmichael's argument that *Bolton v. Pennsylvania Company*, 88 Pa. 261 (Pa. 1878), which *West* relied on in part, rests on an erroneous reading of the Full Faith and Credit Clause. In support of this argument, Carmichael directs us to *Shaffer v. Heitner*, 433 U.S. 186 (1977), which, according to Carmichael, "repudiated" the *quasi in rem* theory relied on in *Bolton*. But *Shaffer* held that the Due Process Clause generally forbids state courts from exercising jurisdiction over an out-of-state defendant based solely on the presence of the defendant's property in that state. *See id.* at 213. It had nothing to say about whether, assuming jurisdiction exists, wages earned in a state by a non-resident may be garnished pursuant to a valid court order entered, and served on the employer's office, in the employee's state of residence. We thus see no reason to disturb 143 years of Pennsylvania precedent.

As Carmichael's FDCPA claim rests solely on the allegation that Pennsylvania law bars garnishment of her wages, and we reject that contention, we agree with the District Court that her complaint failed to state a claim for a violation of the FDCPA.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the District Court's order dismissing Carmichael's complaint.